IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                          No. CIV 08-938 BB/RHS

1963 BEECHCRAFT BONANZA AIRCRAFT
(Serial No. D-7293),

       Defendant,

and

LAWRENCE RUNKE and
MICHAEL JOSEPH KEARNS,

       Claimants.

## MEMORANDUM OPINION
## SUPPORTING DISMISSAL OF COUNTERCLAIM

THIS MATTER is before the Court on the Motion [doc. 13] of Plaintiff United

States of America to dismiss Claimant Kearns' Counterclaim [doc. 9].

### DISCUSSION

On June 12, 2008, Drug Enforcement Administration ("DEA") Special Agent

Terence Epp executed a federal seizure warrant on the Defendant 1963 Beechcraft

Bonanza Aircraft.  On October 9, 2008, Plaintiff United States of America filed a

complaint *in rem* seeking forfeiture of the aircraft.  Claimant Michael Joseph Kearns

filed a "Verified Answer" to the complaint on November 17, 2008, followed by a "Verified Claim" on December 10, 2008.

On March 20, 2009, Claimant Kearns filed a pleading entitled "Counterclaim." Counterclaimant seeks monetary damages in the amount of $1,000 per day against the United States and DEA Special Agent Epp and return of the aircraft based upon the agent's investigation of this case and seizure of the aircraft.

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6), Plaintiff now moves for dismissal of the counterclaim.  Plaintiff argues that counterclaims are not permitted in *in rem* civil forfeiture actions and the United States has not waived its sovereign immunity with regard to the counterclaim asserted against it.  Therefore, it follows this Court lacks subject matter jurisdiction.

Counterclaimant failed to respond to Plaintiff's motion and is therefore deemed to have consented to the granting of the motion.  D.N.M.LR-Civ. 7.1.  More significantly, Plaintiff is correct on the law.  Forfeiture is a unique *in rem* proceeding governed by special rules outside the general Federal Rules of Civil Procedure.  *Via Mat Int'l South America Ltd. v. United States*, 446 F.3d 1258, 1264 (11th Cir. 2006); *see generally* Charles Allan Wright, Arthur R. Miller, and Richard Marcus, 12 FED. PRAC. & PROC. CIV. 2D § 3223.  Under these procedures, the parties asserting ownership of the property are allowed to contest the government's forfeiture, but there is no legal authorization for a counterclaim against the sovereign.  *United States v. $10,000 in United States Funds*, 863

2

F. Supp. 812, 816 (S.D. Ill. 1994), *aff'd*, 52 F.3d 329 (7th Cir. 1995); *United States v. One Volvo 2-Door Sedan*, 393 F. Supp. 843, 847 (C.D. Cal. 1975); *United States v. Assorted Computer Equipment*, 2004 WL 78449 at *2 (W.D. Tenn.). Plaintiff's motion is therefore proper under Federal Rule of Civil Procedure 12. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

The counterclaim filed by Claimant Michael Joseph Kearns will be Dismissed.

_____
BRUCE D. BLACK
United States District Judge